## PYNCHEON VS. BAXTER.

1. COSTS. It is the general rule that a party recovering a verdict also recovers his costs.
2. STATUTE — PRACTICE. Under the act of January 27, 1844, providing that in all actions commenced in the district court, if the demand of the plaintiff *as found on the trial*, shall exceed $50 and be reduced by set-off to a less sum than $50; in a case where the plaintiff claimed more than $50 and the defendant pleaded the general issue and notice of set-off, and there was a verdict for the plaintiff for $1.25 and nothing to show to what extent the plaintiff proved his demand. *Held*, 1. That costs were properly awarded to the defendant. 2. That it is competent for the jury to find in such case to what amount the plaintiff proved his demand, and in default of such finding, the court for the purpose of awarding costs may determine it.

ERROR to the District Court for *Dane* County.

The case is stated in the opinion of the court.

*A. L. Collins*, for plaintiff in error.

*John Catlin* and *Samuel Crawford*, for defendant in error.

DUNN, C. J.    Error is prosecuted in this case to reverse the judgment of the district court of Dane county rendered at the last December term thereof in favor of *Baxter*, defendant here and in the court below, for costs. There is but one question presented for the consideration

of this court. It is assigned for error that "the district court erred in sustaining the motion of defendant for a judgment against plaintiff for costs, whereas on the verdict of the jury, judgment should have been rendered for the plaintiff, not only for his damages assessed, but for costs of suit."

The plaintiff, *Pyncheon*, declared in assumpsit for $400, for work and labor done and material found, for money lent and advanced, laid out and expended, and for money due and owing on an account stated, and filed his bill of particulars containing the items which constituted the aggregate of his demand of $400. The defendant, *Baxter*, pleaded non-assumpsit and gave notice of set-off, and filed his bill of particulars amounting to some $200. Issue being joined on the case as presented, the jury found that the defendant had assumed and promised as the plaintiff had declared and assessed his damages at $1.25. Upon this finding the defendant moved the court for judgment for costs, the motion was sustained and a judgment rendered in favor of said defendant for his costs. The general rule would give the party for whom the verdict was found a judgment for costs; if this case is an exception, it must be so under the first section of an act of our legislature entitled "An act to amend an act entitled an act concerning costs and fees," approved January 27, 1844, which section is in these words: "That in all actions commenced in the district court if the demand of the plaintiff as *found on the trial* shall exceed the sum of $50, and shall by the set-off of the defendant be reduced to a sum less than $50, the plaintiff shall have judgment for his damages and costs." The whole question turns upon the meaning of the words in the section "*as found at the trial.*" We hold that it must be found on the trial either by the jury or court that the plaintiff's real, substantial demand, exceeded $50, and that it was reduced by the set-off of the defendant, then the plaintiff is entitled to judgment for his damages and costs. If this is not found by the jury or court, and the

verdict is less than $50 for the plaintiff, the defendant must have judgment for his costs.   We are of opinion that the court as well as the jury may find these facts on the testimony and proofs submitted, for the purpose of determining how the costs shall be adjudged.   The court may as well examine the testimony on a question of this kind as it may on a motion for a new trial in any case.   We find in the English cases, where the amount of damages recovered determines the plaintiff's right to costs, that the courts look into the facts and certify the real amount of damages.   In the case at bar neither the court or jury find in terms, that the real amount of plaintiff's demand, proven on the trial, exceeded $50, and was reduced by set-off.   Nor does it appear in the record that any set-off was proven or allowed.   Indeed we must presume from the judgment of the court awarding costs to the defendant that such facts did not appear on the trial.

The judgment of the District Court is affirmed, with costs.   Ordered that it be so certified.